

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

*overrules 0-950 0-1939 where conflicts*

**GERALD C. MANN**
**ATTORNEY GENERAL**

> This Opinion
> Modifies Opinion
> # 5056

Honorable G. H. Williamson
County Attorney, Erath County
Stephenville, Texas

Dear Sir:

Opinion No. 0-5056-A

Re: Sale of land purchased
by a tax unit at a tax
foreclosure sale, after
the expiration of the
redemption period, and
a related question.

 Our Opinion No. 0-5056, written in response to your letter of January 18, 1943, has been reconsidered and modified as hereinafter set forth, the two questions asked by you in said letter being as follows:

  "(1) Can County or State sell land purchased by one or the other of said taxing units for amount of taxes, penalties, interest and costs at Sheriff's foreclosure sale, at private sale after the expiration of two (2) years redemption period and six months additional?

  "(2) If County or State can so sell such land, what officers execute the instrument of conveyance and what should be the form of such instrument?"

 By virtue of Section 9 of Article 7345b, Vernon's Annotated Civil Statutes, if the property is sold to any taxing unit which is a party to the judgment under decree of the court in said suit, the title to said property shall be bid in and held by the taxing unit purchasing the same for the use and benefit of itself and all other taxing units which are parties to the suit and which have been adjudged in said suit

to have tax liens against such property, pro rata and in proportion to the amount of tax liens in favor of said respective taxing units as established by the judgment in said suit. Such property shall not be sold by the taxing unit purchasing the same for less than the adjudged value thereof, or the amount of the judgments against the property in said suit, whichever is lower, without the written consent of all taxing units which in said judgment have been found to have tax liens against such property. When such property is sold by the taxing unit purchasing the same, the proceeds thereof shall be received by it for account of itself and all other said taxing units adjudged in said suit to have a tax lien against such property. The proceeds from such a sale, after paying all costs and expenses, shall be distributed among such taxing units pro rata and in proportion to the amount of their tax liens against such property as established in said judgment.

This provision of the statute further provides, in effect, that if the sale has not been made by such purchasing taxing unit before six (6) months after the redemption period, provided in Section 12 of the statute, has expired, it shall thereafter be the duty of the sheriff, upon the written request from any taxing unit who has obtained a judgment in said suit, to sell said property as provided therein.

The provisions of Article 7345b are cumulative of and in addition to all other rights and remedies to which any taxing unit may be entitled, (Section 13 of said statute) but where there is a conflict Article 7345b controls.

After the expiration of the redemption period, which is two (2) years, and before six (6) months after such redemption period, the taxing unit purchasing the property is the only taxing unit that can sell such property. Where the State is the taxing unit purchasing the property, it has the power to sell same during said six (6) months period, but no official has been given authority to make such sale at private sale, therefore, the only such sale that can be made is through the sheriff under the authority given to him by Article 7328 of the Revised Civil Statutes. If the taxing unit purchasing the property has not sold said property within six (6) months after the redemption period, then any

taxing unit which has obtained a judgment in said suit, other than the State, may make written request of the sheriff to sell such property in the manner as authorized by Article 7345b. We are unable to find any statute authorizing any person to request the sheriff to make the sale for the State where the State is the purchasing unit.

Where the State is the taxing unit making the purchase, it has the right to sell such property after the expiration of the redemption period and within six months thereafter as well as after the expiration of said six months, but such sale must be made by the sheriff under the provisions of Article 7328, for the reason that no person has been authorized to sell said property for the State at private sale at any time, said Article 7328 being in part as follows:

"* * * If any of the land thus sold to the State is not redeemed within the time prescribed by this law, the sheriff shall sell the same at public outcry to the highest bidder for cash at the principal entrance to the court house in the county wherein the land lies, after giving notice of sale in the manner now prescribed for sale of real estate under execution, provided when notice is given by posting notices, one of the said notices shall be posted in a conspicuous place upon the land to be sold. Said notice shall contain a legal description of the land to be sold; the date of its purchase by the State, the price for which the land was sold to the State; that it will be sold at public outcry to the highest bidder for cash, date and place of sale. All sales contemplated herein shall be made in the manner prescribed for the sale of real estate under execution, and the sheriff is hereby authorized, and it is hereby made his duty to reject any and all bids for said land when in his judgment the amount bid is insufficient or inadequate, and in event said bid or bids are rejected the land shall be readvertised and offered for sale as provided for herein, but the acceptance by the sheriff of the bid shall be conclusive and binding on the question of the sufficiency of the bid, and no action shall be sustained in any court of this State to set aside said sale on grounds of the insufficiency of the amount bid and accepted. * * * The sheriff, in behalf of the State, shall execute a deed conveying title to said property when sold and paid for."

However, such sale can only be made after the expiration of said six months when no other taxing unit which has obtained a judgment in said suit has requested the sheriff under the provisions of Section 9, Article 7345b, to sell said property. Where such a request has been made, such sale must be under the provisions of Section 9, Article 7345b.

Where the county is the taxing unit making the purchase, it has the right to sell said property, after the expiration of the redemption period and within six months thereafter, as well as after the expiration of said six months, but such sale must be made under the provisions of Article 1577, which authorizes the commissioners' court to appoint a commissioner to sell and dispose of any real estate of the county at public auction and to execute a deed to the purchaser thereof. It also has the right to request the sheriff to make such sale after the expiration of said six months, as authorized by Section 9, Article 7345b, but it is not authorized to sell said property at private sale at any time.

No provision has been made for the execution of a deed to the purchaser where the State is the taxing unit making the sale, except as provided for when the sheriff makes the sale under the provisions of either Article 7328 or Article 7345b; therefore, it is impossible for the State to sell property it has purchased at a tax sale, unless the sheriff will sell same under the authority given him under said Article 7328, or unless some other taxing unit which has obtained a judgment in the same suit will request the sheriff to sell same under the provisions of Section 9, Article 7345b. In either of these events the sheriff is authorized to execute a deed conveying said property to the purchaser thereof at such sale.

Article 4403 authorizes the Attorney General to execute deeds to property sold by virtue of executions or orders of sale issued upon judgments in favor of the State, or under deeds of trust, and bought in by the State in order to protect its interest in the collection of a judgment and debt, but we do not believe this statute was ever intended to apply to tax deeds such as those here under consideration, for the reason that said statute authorizes the execution of a deed to the property therein referred to, which is such property as has been purchased by the agent of the State where same was sold by virtue of an execution, order of sale, or deed of trust, as set forth in Article 4401. Article 4403 also authorizes the agent of the State who bought said property, with the advice

of the Attorney General, to sell or otherwise dispose of same upon such terms and conditions as he may deem most advantageous to the State, and that, if sold for a greater amount than necessary to pay the judgment or debt, costs, etc., the remainder shall be paid into the State Treasury to the credit of the general revenue. These provisions show that the purchase or sale of property under delinquent tax statutes was not being considered when Articles 4401 and 4403 were passed. Besides, tax statutes are special statutes and control over general statutes, and there is nothing in any of the tax statutes that indicates that the Attorney General is to be called upon to execute deeds to property sold by the State under the delinquent tax laws.

Where the county is the taxing unit making the sale, either during the six months period, or after that time if it has not requested the sheriff under the provisions of Section 9, Article 7345b, to sell said property, such sale will be governed by the provisions of Article 1577 hereinabove referred to.

Our Opinions Nos. O-950 and O-1939 are hereby overruled insofar as they may conflict with any of the holdings made herein.

Trusting that this satisfactorily answers your inquiry, we remain

Yours very truly,

APPROVED SEP 2, 1943

FIRST ASSISTANT
ATTORNEY GENERAL

ATTORNEY GENERAL OF TEXAS

By Jas. W. Bassett
Jas. W. Bassett
Assistant

JWB:EP



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN